NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 10 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

EDWIN ADOLFO FLORES RAMIREZ,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No.    21-70710

Agency No. A099-515-445

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 7, 2022**
Pasadena, California

Before:  IKUTA, LEE, and FORREST, Circuit Judges.

Petitioner Edwin Adolfo Flores Ramirez, a citizen of Honduras, seeks review of the Immigration Judge's (IJ) negative reasonable fear determination. "An IJ's negative determination regarding the alien's reasonable fear makes the reinstatement order final." *Andrade-Garcia v. Lynch*, 828 F.3d 829, 833 (9th Cir. 2016). Therefore,

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

we have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

We review factual findings under the "substantial evidence" standard. *Iman v. Barr*, 972 F.3d 1058, 1064 (9th Cir. 2020). Under this standard, the IJ's factual findings are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

Substantial evidence supports the IJ's determination that Flores Ramirez did not establish past persecution or a fear of future persecution on account of a protected ground. Flores Ramirez told the interviewing asylum officer that he had not been harmed and was not afraid of being harmed based on his race, religion, nationality, ethnicity, or political opinion. Although Flores Ramirez stated that he believed members of a gang in Honduras threatened him because he had made repeated requests for the mayor to build a bridge in his community, Flores Ramirez admitted that he had no evidence beyond his own hypothesis to establish a connection between his requests and the gang's actions. He also failed to provide any evidence or argument that he was a member of a particular social group based on his requests to the mayor, or that advocating for a bridge otherwise implicated a protected ground.

Instead, Flores Ramirez stated that he feared harm because the gang extorts and threatens people who have money. A fear of "theft or random violence by gang members bears no nexus to a protected ground." *Zetino v. Holder*, 622 F.3d 1007,

1016 (9th Cir. 2010). Moreover, Flores Ramirez testified that when the gang did threaten his life, the police from a nearby neighborhood came to his assistance. This fact supports the IJ's conclusion that Flores Ramirez failed to establish that relocation within Honduras was unreasonable. *See* 8 C.F.R. 1208.16(b)(3)(i) (providing that an applicant seeking withholding of removal bears the burden of establishing that internal relocation would not be reasonable). Therefore, the IJ did not err when it found Flores Ramierz did not establish reasonable fear of persecution.

Because Flores Ramirez does not "specifically and distinctly" argue that the IJ erred when it found that Flores Ramirez failed to establish a reasonable possibility of torture, *United States v. Briones*, 18 F.4th 1170, 1178 (9th Cir. 2021) (citation omitted), we find that Flores Ramirez waived his CAT claim on appeal.

Finally, we reject Flores Ramirez's argument that the vacatur of *Matter of A-B-*, 27 I. & N. Dec. 316 (A.G. 2018), necessitates remand here. The Attorney General's 2021 decision vacating *Matter of A-B-* explicitly stated that IJs should follow pre-*A-B-* precedent when considering whether "a person [seeking asylum] should be considered a member of a particular social group." *Matter of A-B-*, 28 I. & N. Dec. 307, 308–09 (A.G. 2021) (quotation marks and citation omitted). Relevant pre-*Matter of A-B-* precedent requires Flores Ramirez to show a reasonable possibility of persecution based on a protected ground and that internal relocation was not reasonable. *See Zetino*, 622 F.3d at 1016; 8 C.F.R. 1208.16(b)(3)(i). Because

Flores Ramirez established neither of these, substantial evidence supports the IJ's negative reasonable fear determination independent of any change in law caused by the vacatur of *Matter of A-B-.*

**PETITION FOR REVIEW DENIED.**